FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 12 2018 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>– against –<br><br>CORY WILSON,<br><br>　　　　　　　Defendant. | 18-CR-15<br><br>Statement of Reasons Pursuant to<br>18 U.S.C. § 3553(c)(2) |

**JACK B. WEINSTEIN**, Senior United States District Judge:

**Appearances**

**For United States:**

> Erin Reid
> United States Attorney's Office
> Eastern District of New York
> 271 Cadman Plaza East
> Brooklyn, NY 11201
> 718-254-6361
> erin.reid@usdoj.gov

**For Defendant:**

> Michael K. Schneider
> Federal Defenders of New York, Inc.
> 1 Pierrepont Plaza, 16th Floor
> Brooklyn, NY 11201
> 817-330-1161
> michael_schneider@fd.org

**Table of Contents**
I. Introduction............................................................................................. 2
II. Instant Offense........................................................................................ 2
III. Guilty Plea............................................................................................. 2
IV. Sentencing Hearing................................................................................ 2
V. Offense Level, Category, and Sentencing Guidelines Range................ 3
VI. Law......................................................................................................... 3
VII. 18 U.S.C. § 3553(a) Considerations..................................................... 3
VIII. Sentence.............................................................................................. 4
IX. Conclusion............................................................................................. 5

## I. Introduction

Defendant Cory Wilson pled guilty to one count: escape from the custody of the United States Attorney General in violation of U.S.C. § 751(a).

## II. Instant Offense

Wilson was convicted in 2009 for possession of a firearm as a convicted felon and sentenced to 41 months incarceration. Presentence Investigation Report ("PSR") at ¶ 2. On May 26, 2011, he was transferred to a halfway house to serve the remainder of his prison term. PSR at ¶ 3. He absconded about 2 weeks later after signing out of the home on a job-seeking pass. PSR at ¶ 4.

He was arrested without incident on December 21, 2017. *Id.*

## III. Guilty Plea

On February 21, 2018, he pled guilty to escape from the custody of the United States Attorney General, in violation of 18 U.S.C. § 751(a). PSR at ¶ 1.

## IV. Sentencing Hearing

A sentencing hearing was conducted on June 4, 2018. *See* Sentencing Hearing Transcript (June 4, 2018) ("Sent. Hr'g Tr."). The court accepted a guilty plea. Sent. Hr'g Tr. The proceedings were videotaped to develop an accurate record of courtroom atmosphere. *See* 18

2

U.S.C. § 3553(a); *In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (describing the value of video recording for the review of sentences on appeal).

V.   **Offense Level, Category, and Sentencing Guidelines Range**

Wilson's base offense level is 14. PSR at ¶ 8; 18 U.S.C. § 751; United States Sentencing Guidelines ("U.S.S.G.") § 2P1.1(a)(1). He received a four-point reduction since the escape was from a non-secure correction center, and a two-point reduction for acceptance of responsibility. PSR at ¶¶ 9, 2; U.S.S.G. §§ 2P1.1(b)(3), 3E1.1(a).

The defendant's criminal history score is 7; the criminal history category is IV. PSR at ¶¶ 23-25. His guideline imprisonment range is 8 to 14 months and one to three years of supervised release. PSR at ¶¶ 57, 59.

VI.  **Law**

A "court shall impose a sentence sufficient, but not greater than necessary." 18 U.S.C. § 3553(a). The Sentencing Guidelines are advisory. *United States v. Booker*, 543 U.S. 220 (2005). The sentencing court may depart from the Guidelines in the interest of justice after considering the factors in section 3553(a). *Booker*, 543 U.S. at 245-46; *see also United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) ("A district court may not presume that a Guidelines sentence is reasonable; it must instead conduct its own independent review of the sentencing factors, aided by the arguments of the prosecution and defense.").

VII. **18 U.S.C. § 3553(a) Considerations**

The defendant is a thirty-four-year-old United States citizen. PSR at 2. His mother died when he was six years old. PSR at ¶ 31. He had no relationship with his father, who was incarcerated for most of the boy's adolescence and died in 2001. *Id.* Wilson was placed into the

3

foster care system at three, where he remained until he was sixteen. PSR at ¶ 34. There he was a victim of severe abuse. *Id.* When 15-years-old he was admitted to a psychiatric facility. *Id.*

Wilson began smoking marijuana at twelve-years-old. PSR at ¶ 43. He was first arrested when he was 16 years old. PSR at ¶ 18.

While incarcerated, Wilson earned his General Educational Development ("GED"). PSR at ¶ 47. Since 2011, he has worked off-the-books as a construction worker and janitor. PSR at ¶ 50.

The defendant lived a crime free life for the six years preceding his arrest for the instant offense. During this time, he has been in a committed relationship with Shaniqua Williams. PSR at ¶ 36. The two have been in a relationship since 2012 and live together with Ms. Williams' 14-year-old daughter. PSR at ¶¶ 36-37. Williams attended the sentencing hearing with her daughter; both are supportive.

### VIII. Sentence

The defendant is sentenced to time served. No term or supervision shall follow his release from custody. A $100 special assessment is imposed.

A sentencing court must consider a defendant's ability to be rehabilitated, along with general and specific deterrence. This defendant has effectively rehabilitated himself. He has lived a law-abiding and productive life for the past six years.

He has expressed remorse for his conduct and a desire to continue living a productive, law-abiding life. Because of the long gap in the time between his crime and sentencing, a term of incarceration would not serve the ends of specific or general deterrence. Defendant's evident self-rehabilitation makes a term of supervised release redundant. He has already been punished

4

for his escape by serving an additional six months in prison. *See* Defendant's Sentencing Memorandum, ECF No. 16.

### IX. Conclusion

Respectful consideration was given to the Sentencing Guidelines. This sentence is "sufficient, but not greater than necessary" to comply with the purposes of sentencing. 18 U.S.C. § 3553(a).

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: June 6, 2018
      Brooklyn, New York